IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER EDWARD MILLER,<br><br>Plaintiff,<br><br>v.<br><br>RYAN BURGETT, et al.<br><br>Defendants. | CIVIL ACTION<br>NO. 19-5309 |

### MEMORANDUM OPINION

**Schmehl, J.**  /s/ JLS                                                                June 8, 2021

The pro se plaintiff Christopher Miller filed suit for allegedly being punched in the face by a police officer during his arrest. Defendants argue in their Motion to Dismiss that plaintiff failed to meet the federal pleading requirement, failed to state an Eighth Amendment claim, failed to allege causes of action under the Pennsylvania Constitution, failed to meet the elements of intentional infliction of emotional distress, and for qualified immunity. For the reasons set out below, the Motion to Dismiss is granted in part, and denied in part.

### I.    FACTUAL BACKGROUND

Pro se plaintiff Christopher Miller brings civil rights violations against three Lancaster police officers. His case was originally filed in state court then defendants removed the case to this Court based upon 42 U.S.C. section 1983.

In his Amended Complaint, Miller alleges the following: On September 17, 2017, around 1:27 a.m. in Lancaster, Pennsylvania, Miller was violently shoved multiple times by a police officer before being arrested, and then during the arrest, he was punched in the face by a police officer. According to Miller, he was in custody and restrained by handcuffs when defendant

police officer Burgett punched him in the face while the two other defendant police officers watched. Miller states that he had not resisted arrest nor display any threat to the safety of the officers or citizens of Lancaster at any time during the incident. As a result, Miller states that he suffers from various physical and emotional injuries in which he seeks monetary relief for, and he also seeks declaratory relief.

Miller "attached" the video surveillance footage that captured the incident in question to his complaint. The Court ultimately obtained the video from defense counsel, and has since reviewed the video. In the video, Miller is seen being arrested and it appears he was not yet fully handcuffed when an officer comes up behind him and either punches him in the face or grabs him in a violent manner.

The day after Miller filed his Amended Complaint, the defense filed the present Motion to Dismiss. Plaintiff then filed a Motion to Appoint Counsel, and the Court referred the matter to the Eastern District of Pennsylvania's Prisoner Civil Rights Panel for a volunteer attorney to take representation of the case. To date, an attorney has not taken Miller's case. I address defendants' Motion to Dismiss below.

## II.   STANDARD OF REVIEW

To survive a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

To meet this standard, a complaint must plead "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 787. The Third Circuit has developed a three-part framework in this analysis: (1) a plaintiff must present enough facts to raise a reasonable

expectation that discovery will reveal evidence of the necessary elements; (2) a plaintiff's claims may not be merely conclusory; and (3) where there are well-pleaded factual allegations, the court should assume their truth and then determine if they plausibly entitle a plaintiff to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787-89 (3d Cir. 2016). In this analysis, the Court must assume all nonconclusory factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and draw all reasonable inferences therefrom. *Id.* at 790.

Our analysis changes, however, when a party represents itself *pro se*. The Supreme Court requires us to "liberally construe" a *pro se* document. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Our Court of Appeals further instructs us to permit a curative amendment if a complaint is vulnerable to dismissal for failure to state a claim, unless amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III. **ANALYSIS**[1]

Defendants argue in their Motion to Dismiss that plaintiff failed to meet the federal pleading requirement, failed to state an Eighth Amendment claim, failed to allege causes of action under the Pennsylvania Constitution, failed to meet the elements of intentional infliction of emotional distress, and for qualified immunity. Plaintiff's Eighth Amendment claim is dismissed, and defendants' remaining arguments are rejected as plaintiff has met the federal pleading requirement and has stated valid claims for the other counts.

---

[1] Amongst defendants' arguments is that "there is no evidence of a *Monell* violation." Miller does not sue any entities, only individual police officers, thus, this argument is not addressed.

1. <u>Dismissal Under Rule 8 is Denied.</u>

   Defendants' first argument is that Miller's Amended Complaint fails to meet the federal pleading requirement of "a short and plan statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendants claim Miller's complaint is "completely conclusory and does not specify any conduct, wrongful or otherwise, of the named defendants . . . . Plaintiff failed to provide sufficient evidence to support any of the allegations . . . ."

   Miller's complaint is six-pages long and contains six counts for relief. He also "attached" a video of the incident to the complaint. He lists three Lancaster police officers by name, and then describes the factual predicate under a "Factual Allegations" heading. His complaint succinctly describes an event on September 17, 2017, where he was allegedly punched in the face by defendant police officer Burgett while he was handcuffed, and the two other police officers watched. He then applies this factual predicate to six individual counts against the defendants, and lastly, alleges damages of emotional and physical harm. He also states that video surveillance confirms these allegations, and the incident is described in police incident reports.

   Defendants' conclusory argument that Miller's complaint does not specify any wrongful conduct to support his claim is wholly lacking merit. Miller's complaint could hardly be any more of a "short and plain statement" upon which relief can be granted. He succinctly alleges that he was punched in the face by a police officer while handcuffed, and this caused him harm. Especially as a pro se plaintiff, Miller's complaint easily passes the federal pleading requirement.

2. <u>Miller's Violation of the Eighth Amendment of the U.S. Constitution Claim is Dismissed.</u>

   Defendants argue that Miller's Eighth Amendment claim should be dismissed because there was not a formal adjudication of guilt at the time of the incident in question. *See Natale v.*

4

*Camden Cnty. Correctional Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Miller's complaint alleges an incident during his arrest, thus, there was no formal adjudication of guilt at the time so his Eighth Amendment claim is dismissed.

3. <u>Miller has Private Causes of Action Under the Pennsylvania Constitution for Equitable Relief.</u>

Defendants argue that all of Miller's Pennsylvania Constitution Counts should be dismissed because "there is no private right to recovery under the Pennsylvania Constitution . . ." Defendants distort the law. While there are not private causes of action under the Pennsylvania Constitution for monetary damages; causes of action exist under the Pennsylvania Constitution for equitable remedies such as declaratory relief. Miller requests declaratory relief along with compensatory and punitive damages. While Miller cannot recover any monetary damages for his Pennsylvania Constitution claims (counts 3, 4, 5, & 6), he can certainly seek declaratory relief for those claims. Defendants' argument is rejected.

4. <u>Dismissal of Plaintiff's IIED Claim is Denied.</u>

Defendants argue that Miller cannot meet the elements for intentional infliction of emotional distress because "Pennsylvania law has not recognized this cause of action," and "since plaintiff testified that he did not seek or receive any counseling or psychiatric or psychological treatment as a result of this incident, this Count should be dismissed." The Court is at a loss as to what "testimony" defendants refer Miller made in this argument.

Under Pennsylvania law, to prove an IIED claim a plaintiff must show (1) extreme and outrageous conduct; (2) the conduct was intentional or reckless; (3) the conduct caused emotional distress; and (4) the plaintiff's distress is severe. *Doe v. Trustees of the Univ. of Pennsylvania*, 270 F. Supp. 3d 799, 826-27 (E.D. Pa. 2017) (cleaned up). "[D]iscrimination alone does not meet the extreme and outrageous standard," the conduct must be "the most clearly

5

desperate and ultra extreme conduct." *Id.* at 827 (citations omitted). Further, it is for the court to "determine initially whether the conduct in issue can be regarded as so extreme and outrageous so at to permit recovery." *Harris v. Dollar Gen. Corp.*, 2016 U.S. Dist. LEXIS 137942, *15 (E.D. Pa. Oct. 3, 2016).

Miller alleges that a police officer punched him in the face while he was handcuffed. Although the video footage shows that he was not fully handcuffed at the time, the video footage does support the bulk of Miller's allegations. For a police officer to punch a civilian in the face, allegedly without any provocation or justification, easily meets the elements of IIED. That conduct can be found to be extreme and outrageous, intentional or reckless, cause emotional distress, and that distress could be severe. As for defendants' arguments that Miller "testified" that he did not receive psychiatric-related treatment, therefore, the IIED claim should be dismissed, lacks merit. The Court has not been presented with any testimony at this pleading stage. Additionally, Miller's complaint states that he sought medical treatment after the incident. Miller had pled a valid IIED claim.

5. <u>Defendants are Not Entitled to Qualified Immunity at this Stage.</u>

Qualified immunity is the "entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

To assess a claim for qualified immunity, a court must determine: (1) whether the facts that a plaintiff has alleged or shown make out a violation of a Constitutional right; and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 223-24 (2009) (citing *Saucier v. Katz*, 533 U.S.

194 (2001)).  A Constitutional right is clearly established where "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Wilson v. Layne*, 526 U.S. 603, 614-15 (1999) (citation omitted).  That is, qualified immunity applies to "all [those eligible] but the plainly incompetent or those who knowingly violate the law."  *Ray v. Twp. of Warren*, 626 F.2d 170, 173 (3d Cir. 2010) (internal quotations and citation omitted).

In the Third Circuit, it is the defendant's burden to prove that qualified immunity applies. *Thomas v. Independence Twp.*, 463 F.3d 285, 293 (3d Cir. 2006).  Indeed, it will be "upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint."  *Id*. at 291 (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)).  Moreover, the Third Circuit has emphasized "that it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorst*, 328 Fed. App'x 788, 791 n.3 (3d Cir. 2009).

Defendants argue that they "acted reasonably under the circumstances," that Miller's allegations are completely false as he was just grabbed on the shoulder, he was "interfering with the police work," and "the canine officer push[ed] him back on two occasions." The video surveillance footage does not support that Miller was fully handcuffed at the time of the incident, nor does it fully support the defendants' claim that Miller was "grabbed" on the shoulder. Still, it is not for the Court to determine at this stage, or at any point, the exact contours of what happened during the incident in question. Nevertheless, it can be seen in the video that an officer approaches Miller from behind while Miller is being placed under arrest and either punches Miller in the face or grabs him in a violent manner.

Given that this qualified immunity argument is presented at the pleading stage and the video footage does not unequivocally support the defendants' argument that they are entitled to qualified immunity, the defendants' argument is rejected.

IV. **CONCLUSION**

For the reasons set forth above, defendants' Motion to Dismiss is granted in part, and denied in part. Plaintiff's Eighth Amendment claim is dismissed, and the rest of plaintiff's claims survive the Motion to Dismiss. An accompanying Order follows.